## BROOKS *v.* COQUARD.[1]

### *(Circuit Court, E. D. Missouri.* November 2, 1883.)

CONTRACTS—SALES—DAMAGES.

Where A., in St. Louis, telegraphed to B., in New York, an offer to sell stock at a certain price, "St. Louis delivery," and B. answered by telegraph, "Accept your offer; draw on me with certificate attached payable at office of C., New York," and afterwards telegraphed to know whether the stock could be delivered, and was answered, "Will ship to-night if you pay expenses; sale was St. Louis delivery;" and replied, "All right; add expenses of forwarding to draft," and A. then refused to deliver, and at the time of the refusal the market value of the stocks was higher than when the sale was closed: *Held*, (1) that the contract of sale was closed by the sending of B.'s first telegram; (2) that the contract was for a delivery at St. Louis; (3) that B. was entitled to the difference between the market value of the stock at St. Louis at the time of the sale and its value at the time of A.'s refusal to deliver, with legal interest.

At Law.

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

Suit for breach of contract to sell 392 shares of the common stock of the Louisiana & Missouri River Railway Company, at $26 per share. The contract of sale was made by telegraph. The case was tried by the court without a jury. At the trial copies of the following telegrams were introduced in evidence:

"St. Louis, February 14th.
"*James I. Brooks, Boston:* Will sell 392 shares L. & M. common at 26, St. Louis delivery. Order good until 10 o'clock to-morrow A. M.
"L. A. Coquard.

"Boston, February 15th.
"*L. A. Coquard, St. Louis:* Accept your offer. Draw on me, with certificate attached, payable at office of Charles Head & Co., 11 Wall street, New York. James I. Brooks.
"Sent 9 A.M.

"Boston, February 15th.
"*L. A. Coquard, St. Louis:* Accepted your offer early this morning. It is all right. Offer any more stock you may have. James I. Brooks.

"Boston, February 15th.
"*L. A. Coquard, St. Louis:* When can you deliver stock bought this morning? Answer. James I. Brooks.

"St. Louis, February 15th.
"*James I. Brooks, Boston:* Will ship to-night if you pay expense. Sale was St. Louis delivery. L. A. Coquard.

"Boston, February 15th.
"*L. A. Coquard, St. Louis:* All right. Add expense of forwarding to draft. Have you any more? James I. Brooks.

"St. Louis, February 15th.
"*James I. Brooks, Boston:* As you have not complied with my terms, I here declare sale and all orders to sell La. & Mo. Com. off.
"L. A. Coquard."

The telegrams were sent in the order in which they appear above. Evidence was introduced tending to prove that at the time the last telegram was sent Louisiana & Missouri common was selling for 1 per cent. of its par value more than at 9 o'clock in the morning, when Coquard's offer was accepted. It was contended on behalf of the plaintiff that the contract was for a delivery at New York, and that he was entitled to the difference between the price at which he bought and the market value of the stock in New York on the day on which it would have reached there if shipped the day of the sale.

*Taylor & Pollard,* for plaintiff.

*Fisher & Rowell,* for defendant.

TREAT, J. The contract must be considered closed on February 15th, hence the plaintiff is entitled to damages at St. Louis rates on that day, the defendant having then given notice of refusal to fulfill the contract.

Judgment is therefore given at the rate of 1 per cent. advance on 392 shares, viz., for $392, with interest at the rate of 6 per cent. from the day on which the contract was broken.